IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIAM MORRIS,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. 3:21-cv-1623 |
| INSTIL BIO, INC.,<br>　　　　Defendant. | §<br>§<br>§ | |

<u>**PLAINTIFF, MARIAM MORRIS', ORIGINAL COMPLAINT**</u>
**AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Mariam Morris, hereinafter called Plaintiff, complaining of and about Instil Bio, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff Mariam Morris is a citizen of the United States and the State of Texas and resides in Parker County, Texas.

2. Defendant Instil Bio, Inc. may be served by serving C-T Corporation, its agent authorized to accept service at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**JURISDICTION**

3. The action arises under 42 U.S.C. §2000e, et. seq. and 29 U.S.C. §621, et. seq. as hereinafter more fully appears.

1

## NATURE OF ACTION

4. This is an action under Title 42 U.S.C. Section 2000e et. Seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and for violation of Age Discrimination in Employment Act, 29 U.S.C. §621, et. seq.

## CONDITIONS PRECEDENT

5. All conditions precedent to jurisdiction have occurred or been complied with a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## FACTS

6. In June 2019, Plaintiff and Defendant entered into a consulting agreement under the terms of which Plaintiff was to and did provide services to Defendant. Over the course of the next nine months, Plaintiff provided financial services to Defendant which were crucial to Defendant's initial goals of raising capital and completing the strategic merger and acquisition of the U.K. based firm Immetacyte, Ltd. On March 11, 2020, immediately subsequent to the close of that international merger, Plaintiff was approached by Bronson Crouch, the CEO of Instil Bio, Inc., about joining Instil Bio, Inc as a full-time employee. He requested that she draft and submit a contract of employment, which she did. During that conversation, Ms. Morris was told her full-time employment would begin upon the hiring of Mr. Jeffrey Green as Chief Financial Officer. In that conversation, it was explained that the Company wanted to create a cohesive finance team and, even though Ms. Morris had been consulting since June 2019, it was important that Ms. Morris and Mr. Green meet and ensure each would be able to work together.

On or about April 15, 2020, Ms. Morris and Mr. Green met with each other via Zoom. They exchanged information about how each work about how their respective skills sets would be complimentary to each other and about how the team would/could be built for the Company's success. Mr. Green agreed to join the Company knowing that Ms. Morris would be joining as a full-time employee at the same time.

On May 1st, 2020. Mr. Green joined the Company as Chief Financial Officer.

Between March 11, 2020, and May 1st, 2020, Ms. Morris closed her consulting practice on the expectation that she would begin full time employment. When Ms. Morris's offer of employment did not immediately come to fruition, she was told that the focus on the Company at that moment was on raising capital and that the executives would bring her on full-time upon Closing of the Series B stock offering, which was due to be completed June 30th, 2020.

During the Week of July 10th, Ms. Morris inquired of Jeffrey Green as to her employment and was told to discuss with Sandeep "Steve" Laumas. Mr. Laumas (who lives in Connecticut) joined the Company in June 2020 as Chief Business Officer and would heading up company operations (a role and position that was part of her initial offer). When Ms. Morris met with Mr. Laumas, it was explained that Company may move to California, and they did not want to hire without more certainty.

Ms. Morris explained to Mr. Laumas that based upon Mr. Crouch's representations and offer of employment, she had been adversely impacted as she had completed all her consulting work for other clients and had not taken on new engagements related to her consulting business based upon Mr. Crouch's representations.

Ms. Morris followed up with Jeffrey Green the week of July 13th to share the conversation, on the subject of hiring Ms. Morris, Mr. Green was told by Mr. Crouch that since

she was a woman, over fifty and that "she was a lawsuit waiting to happen." Subsequently, Mr. Green refused to participate in interviews with other candidates as they lacked the skill set of Ms. Morris. Mr. Green joined the Company on the agreement that Ms. Morris would be hired as she was key to his joining.

Ms. Morris has suffered financial harm as a result of the company's actions including not receiving the compensation negotiated, which included an annual salary of $325,000/ per annum, and the lost profits that she would have made from her consulting business that she wound down in anticipation of going full-time with the company. She has also suffered significant emotional distress because of the company's actions.

On or about July 18, 2020, Mr. Green was abruptly terminated, and on same day Ms. Morris's consulting agreement was terminated in retaliation.

Ms. Morris was discriminated by Mr. Bronson Crouch, CEO and Mr. S. Laumas, CBO. These two Executives colluded to terminate Jeffrey Green for not engaging in a form of discrimination against Ms. Morris and disclosing such information to Ms. Morris.

## SEX DISCRIMINATION

7. Plaintiff incorporates by reference the allegations contained in paragraphs nos. 1-6.

8. Defendant, Instil Bio, Inc., engaged in unlawful employment practices involving Plaintiff because she is a female.

9. Defendant, Instil Bio, Inc., discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section

2000e-(2)(a).  The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

10. Plaintiff alleges that Defendant, Instil Bio, Inc., discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the protected rights of Plaintiff.

## AGE BASED DISCRIMINATION

11. Plaintiff incorporates by reference the allegations contained in paragraphs 1-10.

12. Plaintiff alleges that Defendant's actions as alleged above constitute a violation of the provisions of the Age Discrimination in Employment Act, 29 U.S.C. §621, et. seq., in that it failed or refused to hire Plaintiff because of such her age in violation of the Age Discrimination in Employment Act.

## DAMAGES

13. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a. consequential monetary damages resulting from her reliance upon defendant's offer of employment and the closing of her consulting business;

   b. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

   c. Emotional pain;

   d. Interest;

   e. Mental anguish in the past;

   f. Loss of earnings in the past; and

   g. Loss of benefits.

## EXEMPLARY DAMAGES

11. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Mariam Morris, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

King Law Office, P.C.

By: */s/ Russell W. King*
    Russell W. King
    Texas Bar No. 11463400
    E-Mail: rking2010@gmail.com
    19211 S. U.S. Hwy. 377
    DUBLIN, TX 76446
    Tel. (254) 968-8777
    Fax. (254) 445-2751
    E-Mail: rking2010@gmail.com

AND,

By: */s/ Roger W. Phillips*
Roger W. Phillips
Texas Bar No. 15955550
Email: roger@rogerwphillips.com
211 South Rusk Street
Weatherford, TX 76086
Tel. (817)-599-9993
Fax (817) 599-9417

Attorneys for Plaintiff
Mariam Morris

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**